CASE NO. 13-12395

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES,

Defendant/Appellant,

vs.

Miriam CRISMAN,

Plaintiff/Appellee.

On Appeal from the United States District Court for the
Southern District of Florida, Case No. 12-cv-8117-Ryskamp Hopkins

**BRIEF OF AMICUS CURIAE, STATE OF FLORIDA IN SUPPORT OF
APPELLANTS IN FAVOR OF REVERSAL**

PAMELA JO BONDI
ATTORNEY GENERAL

Allen Winsor (FBN 016925)
Solicitor General
Allen.Winsor@myfloridalegal.com
Diane G. DeWolf (FBN 059719)
Deputy Solicitor General
Diane.DeWolf@myfloridalegal.com
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3672 (850) 488-4872 (FAX)
*Counsel for Amicus Curiae*

*Florida Atlantic Bd. of Trs. v. Crisman*                    *Case No. 13-12395*

## CERTIFICATE OF INTERESTED PARTIES

Undersigned counsel for Amicus Curiae, State of Florida, hereby certify that the following is a complete list of persons having an interest in *Florida Atlantic Board of Trustees v. Crisman*, Case No. 13-12395:

Amlong & Amlong PA, Appellee's Attorney

Amlong, William R., Esq., Appellee's Attorney

Bondi, Pamela Jo, Attorney General of Florida

Churly-Davis , Alison L., Appellant's Attorney

Crisman, Miriam, Appellee

Daley, Jennifer, Appellee's Attorney

DeWolf, Diane G., Attorney for Amicus Curiae

Florida Atlantic University Board of Trustees, Appellant

Glick, Sr., Lawrence, Associate General Counsel for Florida Atlantic University

Hanley, Christine D., Appellant's Attorney

Harrison, Ford, LLP, Appellant's Attorney

Honorable James M. Hopkins, United States Magistrate Judge

Honorable Kenneth L. Ryskamp, United States District Judge

Leininger, Carri S., Esq., Appellant's Attorney

Lindberg, Merry E., Appellant's Attorney

*Florida Atlantic Bd. of Trs. v. Crisman*　　　　　　　*Case No. 13-12395*

Williams, Leininger & Cosby, P.A., Appellant's Attorney

Winsor, Allen, Attorney for Amicus Curiae

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS  ...................................................C-1

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT OF THE ISSUE..................................................................1

IDENTITY AND INTEREST OF AMICUS CURIAE............................................1

SUMMARY OF THE ARGUMENT .........................................................1

ARGUMENT ....................................................................................2

I.      The District Court's Decision Would Upset the Fundamental Constitutional Balance between Federal and State Powers............................3

II.     By Authorizing Suit "In Any Court of Competent Jurisdiction," the Florida Legislature Did Not Waive the State's Eleventh Amendment Immunity..........................................................................................4

III.    Florida Has Explicitly Reserved Immunity....................................................7

CONCLUSION ..................................................................................8

CERTIFICATE OF SERVICE ................................................................9

CERTIFICATE OF COMPLIANCE.........................................................9

i

# TABLE OF CITATIONS

## CASES

*Atascadero State Hosp. v. Scanlon*,
   473 U.S. 234, 105 S. Ct. 3142 (1985)............................................................. 3,4, 6

*Edelman v. Jordan*,
   415 U.S. 651, 94 S. Ct. 1347 (1974)................................................................2, 6

*Ex Parte New York*,
   256 U.S. 490, 41 S. Ct. 588 (1921).......................................................................4

*Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*,
    450 U.S. 147, 101 S. Ct. 1032 (1981)...................................................................3

*Kennecott Copper Corp v. State Tax Comm'n*
   327 U.S. 573, 578, 66 S. Ct. 745, 747 (1946)............................................... 5, 6, 7

*Kimel v. Fla. Bd. of Regents*,
   528 U.S. 62, 120 S. Ct. 631 (2000).......................................................................3

*Maynard v. Bd. of Regents*,
   342 F.3d 1281 (11th Cir. 2003) ............................................................................6

*Port Authority Trans-Hudson Corp. v. Feeney*,
   495 U.S. 299, 110 S. Ct. 1868 (1990)...................................................... 4, 5, 6, 8

*Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.*,
   734 F.2d 730 (11th Cir. 1984) ................................................................... 2, 3, 6

*Welch v. Texas Dep't of Highway and Pub. Transp.*,
   483 U.S. 468, 107 S. Ct. 2941 (1987)...................................................................3

## Laws of Florida

§ 112.044, Florida Statutes ...................................................................................1, 5

§ 768.28(18), Florida Statutes.......................................................................... 2, 7, 8

**Other**

Fla. S. Comm. On Jud., CS/SB 911, Staff Analysis (May 22, 1984) ........................7

## STATEMENT OF THE ISSUE

Whether the District Court erred in finding that Florida waived its Eleventh Amendment immunity under section 112.044, Florida Statutes, which subjects an arm of the State to suit "in any court of competent jurisdiction."

## IDENTITY AND INTEREST OF AMICUS CURIAE

The State of Florida has a strong interest in preserving its Eleventh Amendment immunity from suit in federal court, absent a clear waiver. The district court held that Florida waived its immunity through a broad statement that the State consents to suit "in any court of competent jurisdiction," combined with the omission of any other statutory provision indicating the State's intent to preserve its immunity.

The district court's decision represents a fundamental departure from the Supreme Court's and this Court's settled precedent. Eleventh Amendment immunity preserves State sovereignty and the Constitutional powers reserved to the States. The State Amicus urges this Court to reverse the district court's decision and reaffirm the fundamental rule that a State may not be sued in federal court without its express consent.

## SUMMARY OF THE ARGUMENT

This Court and the United States Supreme Court have repeatedly held that a State statute does not waive the State's Eleventh Amendment immunity absent an

1

express statement making its intent unmistakably clear. Provisions allowing suit against the State *generally*, such as consent to suit "in any court of competent jurisdiction" at issue in this case, are insufficient to waive Eleventh Amendment immunity.

But even if such provisions were generally sufficient to constitute waivers, the Florida Legislature has expressly reserved its immunity, removing any doubt about the Legislature's intent here. Section 768.28(18), Florida Statutes, provides that *no section* of the Florida Statutes shall be construed to waive immunity from suit in federal court "unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court."

Accordingly, this Court should reverse.

## ARGUMENT

Eleventh Amendment immunity is essential to preserve principles of federalism and state sovereignty; and abrogation of that immunity can disrupt the delicate federal-state government balance. Thus, although a State can waive its Eleventh Amendment immunity through a legislative enactment, the waiver exists only when there is "the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730, 734 (11th Cir. 1984) (citing *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.

2

Ct. 1347, 1361 (1974)); *accord Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*,  450 U.S. 147, 150, 101 S. Ct. 1032, 1034 (1981).  Indeed, to waive its Eleventh Amendment immunity, the legislature must "mak[e] its intention unmistakably clear in the language of the statute." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73, 120 S. Ct. 631, 640 (2000). Even when a State waives its sovereign immunity from suit generally, it does not waive its separate Eleventh Amendment immunity from suit *in federal court.  See Tuveson*, 734 F.3d at 735 (citing *Fla. Dep't. of Health & Rehab. Servs.*, 450 U.S. at 150, 101 S. Ct. at 1034). That is because a State's immunity interest encompasses not just *whether* it may be sued, but *where* it may be sued. *Welch v. Texas Dep't of Highway and Pub. Transp.*, 483 U.S. 468, 473-74, 107 S. Ct. 2941, 2945-46 (1987).

## I.    The District Court's Decision Would Upset the Constitutional Balance Between Federal and State Powers.

In *Atascadero State Hospital v. Scanlon*, Justice Powell explained that Eleventh Amendment immunity is "grounded on principles essential to the structure of our federal system [and] necessary to protect the cherished constitutional liberties of our people." 473 U.S. 234, 240 n.2, 105 S. Ct. 3142, 3146 n.2 (1985). The Amendment originated because the Framers were determined to preserve State sovereignty, believing that "strong state governments were essential to serve as a 'counterpoise' to the power of the Federal Government." *Id*. Not one of the Framers, Justice Powell wrote, "questioned that the Constitution

created a federal system with some authority expressly granted the Federal Government and the remainder retained by the several States." *Id*. Indeed, "[t]he Constitution never would have been ratified if the States and their courts were to be stripped of their sovereign authority except as expressly provided by the Constitution itself." *Id*. Thus, the States' Eleventh Amendment immunity from suit in federal courts "is, without question, a reflection of concern for the sovereignty of the States." *Id*. Quoting from *Ex Parte New York*, 256 U.S. 490, 497, 41 S. Ct. 588, 589 (1921), Justice Powell reiterated:

> That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against the State without consent given.

*Id*. The district court's decision misapplied these time-honored principles.

## II. By Authorizing Suit "In Any Court of Competent Jurisdiction," the Florida Legislature Did Not Waive the State's Eleventh Amendment Immunity.

Because "abrogation of sovereign immunity upsets the fundamental constitutional balance between the Federal Government and the States," courts must find a State's waiver of Eleventh Amendment immunity "only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction," *Port Authority Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 305, 110 S. Ct. 1868, 1872-73

4

(1990). (citations omitted). To be sure, a statutory waiver "must specify the State's intention to subject itself to suit in *federal court*." *Id*. 495 U.S. at 306, 110 S. Ct. at 1873. By enacting section 112.044 and authorizing suit against the state "in any court of competent jurisdiction," the Florida Legislature expressed no such intention. Time and again, the United States Supreme Court and this Court have held that authorizations like this one, without more, do not waive Eleventh Amendment immunity.

In *Kennecott Copper Corp v. State Tax Commission*, for example, the Supreme Court rejected a claim that Utah waived its Eleventh Amendment immunity by allowing suit against the state in "'any court of competent jurisdiction.'" 327 U.S. 573, 578, 66 S. Ct. 745, 747 (1946) (quoting statute). While it acknowledged that authorizing suit in federal trial courts was one logical interpretation of the State's statutory waiver, the Court concluded that "the Utah statutes fall short of the clear declaration by a state of its consent to be sued in the federal courts [which the Court held] is required before federal courts should undertake adjudication of the claims of taxpayers against a state." 327 U.S. at 579-80, 66 S. Ct. at 748.  The same is true of Florida's statute, which uses the identical phrase "in any court of competent jurisdiction."

Similarly, in *Tuveson*, this Court determined that although a state agency was registered as a non-profit corporation under a statute that authorized it to

5

"[s]ue and be sued … in all actions and proceedings," this did not constitute an explicit waiver as required by the Supreme Court. 734 F.2d at 734.

In yet another case, this Court rejected the argument that a statute allowing an arm of the state "to sue and be sued, and to plead and be impleaded in *all* courts of law and equity" constituted an Eleventh Amendment waiver. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287-88 (11th Cir. 2003) (noting that there is no "meaningful distinction between 'any court' and 'all courts.'" *Id*. at 1288. Thus, "[g]iven the Supreme Court's emphasis on the breadth and force of Eleventh Amendment immunity, [this Court concluded that] the necessary express consent to suit in federal court [was absent] from the waiver's language." *Id*. (citing *Edelman,* 415 U.S. at 673, 94 S. Ct. at 1360-61; *Scanlon,* 473 U.S. at 241, 105 S. Ct. at 3146 (citation omitted).

As these cases demonstrate, a provision authorizing suit "in any court of competent jurisdiction" does not waive a state's Eleventh Amendment immunity.[1]

---

[1] This case is not like *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 110 S. Ct. 1868 (1990), on which the district court substantially relied. The statute in *Feeney* explicitly indicated the State's consent to suit in federal court by specifying that "venue in any suit … shall be laid within a county … established by one of said States *or by the United States*." 495 U.S. at 302-03, 110 S. Ct. at 1871 (emphasis added).

### III.    Florida Has Explicitly Reserved Immunity.

Because Florida's statutes do not explicitly and unmistakably waive

Eleventh Amendment immunity, this Court should end the inquiry.  But even if the

State were obligated to explicitly indicate its intent to *reserve* Eleventh

Amendment immunity, Florida has done so.

Section 768.28(18), Florida Statutes, unambiguously provides:

> No provision of this section, *or of any other section of the Florida Statutes*, whether read separately or in conjunction with any other provision, *shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated* to be a waiver of the immunity of the state and its agencies from suit in federal court.

(Emphasis added).

The plain language of this subsection is clear. However, the staff analysis

accompanying its enactment in 1984 provides additional relevant background. *See*

Fla. S. Comm. on Jud., CS/SB 911, Staff Analysis (May 22, 1984). It explains the

legislative concern that before the 1984 amendments, while "Florida law

contain[ed] no express waiver of 11th Amendment immunity [some] federal court

decisions ha[d] held that Florida ha[d] impliedly waived its 11th Amendment

immunity." *Id*. at 1. The Legislature thus amended section 728.28(18)[2] "to make

---

[2] When originally enacted, the explicit preservation of immunity was located at subsection (15) but has since moved to subsection (18).

clear that no provision of s. 768.28, *or of any other section of the Florida Statutes*, shall be construed to waive the immunity of the state of its agencies from suit in federal court, unless such waiver is *explicitly and definitely* stated to be a waiver of the immunity of the state and its agencies from suit in federal court." *Id.* (emphasis added). The purpose of the amendment, therefore, was to preclude precisely what happened here—a court's inferring a waiver where none existed.

## CONCLUSION

For the foregoing reasons, the District Court's decision should be reversed.

Respectfully Submitted,

*s/ Diane G. DeWolf*
Allen Winsor (FBN 016925)
Solicitor General
Allen.Winsor@myfloridalegal.com
Diane G. DeWolf (FBN 059719)
Deputy Solicitor General
Diane.DeWolf@myfloridalegal.com
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3672 (850) 488-4872 (FAX)
*Counsel for Amicus Curiae*

8

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed and

served by electronic mail on this 14th day of August, 2013 on the following:

Jennifer Daley, Esq., jdaley@theamlongfirm.com,
William Amlong, Esq., wramlong@TheAmlongFirm.com,
Merry E. Lindberg, Esq., mlindberg@fordharrison.com, and
Christine D. Hanley, Esq., chanley@fordharrison.com
Carri S. Leininger, Esq., cleininger@wlclaw.com


*s/ Diane G. DeWolf*
Diane G. DeWolf
*Counsel for Amicus Curiae*


**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of

Appellate Procedure 32(a)(7)(B) because it contains 1770 words, excluding the

parts of the brief exempted by Federal Rule of Appellate Procedure

32(a)(7)(B)(iii). This brief complies with the typeface requirements of Federal

Rule of Appellate Procedure 32(a)(5), and the type style requirements of Federal

Rule of Appellate Procedure 32(a)(6), because this brief had been prepared in a

proportionally-based typeface using Microsoft Word, 14-point Times New Roman.

*s/ Diane G. DeWolf*
Diane G. DeWolf
*Counsel for Amicus Curiae*

9